UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NUCAP INDUSTRIES, INC., and | ) | |
| NUCAP US, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 15 C 2207 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| ROBERT BOSCH LLC and | ) | |
| BOSCH BRAKE COMPONENTS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This case has been referred to the Honorable Young B. Kim to manage discovery proceedings and rule on related nondispositive matters in accordance with 28 U.S.C. § 636(b)(1)(A). (See ECF No. 66.) Before the court are Plaintiffs' objections to Judge Kim's decision not to allow discovery on Defendants' alleged change in its position during this litigation (ECF No. 282). Because subsequent events in this case have rendered portions of the objections moot and other portions unripe, the court overrules the objections without prejudice.

**I. Background**

Plaintiffs Nucap Industries Inc. and Nucap US Inc. (collectively, "Nucap") bring claims against Robert Bosch LLC and Bosch Brake Components LLC collectively "Bosch") for, among other things, misappropriation of trade secrets.[1] Nucap, which is based in Ontario, Canada, designs and manufactures aftermarket brake components. Bosch's business includes making and selling aftermarket brake pads. Bosch began purchasing brake components from Nucap in late 2008 or early 2009. The court has heard evidence that the companies' relationship soured in late

---

[1] Nucap added Robert Bosch GmbH as a defendant when it filed its First Amended Complaint (ECF No. 239.) Robert Bosch GmbH did not join the instant objections, however. (*See* ECF No. 282 at 1.)

1

2014. Nucap's misappropriation claims concern Bosch's alleged subsequent use of a database of drawings of brake components NuCap claims to have spent hundreds of millions of dollars creating. (Preliminary Injunction Hearing Transcript ("Hr'g Tr.") at 78:5-78:23, 79:16-80:3, 218:24-219:17 (testimony of Nucap's Chief Executive Officer)).

On August 21, 2015, Judge Kim ordered the parties to seek leave of court before propounding additional written discovery. (ECF No. 86.) Nucap filed a motion for preliminary injunction on January 29, 2016. (ECF No. 219.)

On March 6, 2016, Nucap sought leave to send requests for production of documents concerning Bosch's alleged change in position during this litigation on how it utilized the drawings. (ECF No. 265.) Nucap described its proposed requests as seeking production of documents related to the following subjects:

- Bosch's repeated misrepresentations that is has not used Nucap's drawings to validate or approve replacement supplier drawings or components (RFP Nos. 82-84), and that it is not aware of any disclosure of Nucap's drawings (RFP No. 85);
- Bosch's substantial delay in producing inculpatory documents from Vijay Chavda (Senior Product Development Manager) and withholding of emails from the members of the [redacted] (RFP No. 86); and
- Bosch's claim that emails from [redacted] and that Bosch has [redacted] (RFP Nos. 87, 88).

(ECF No. 265 at 1-2; *see* ECF No. 281 (unredacted paraphrase of discovery claims).)

Judge Kim orally denied Bosch's motion at a hearing held March 11, 2016. (*See* Tr. of Hr'g held Mar. 11, 2016 at 4:24 –7:18, ECF No. 353.) Judge Kim stated that "discovery that's being proposed by the plaintiffs will be an exercise in futility, especially because there is a difference of an opinion as to whether defendants reversed their course in this particular case."[2] (*Id.* at 6:9-13.)

---

[2] Judge Kim also ordered Bosch to provide a "more fulsome" explanation of its delay in producing certain e-mail communications in anticipation of the preliminary injunction hearing. (Id. at 6:6-9.) Bosch responded on March 15,

On March 23, 2016, Bosch filed a motion for partial summary judgment. (ECF No. 340.) In that motion, Bosch asks the court to dismiss five of the seven counts pleaded in Nucap's amended complaint and to enter partial summary judgment on Bosch's counterclaim. (ECF No. 340.) Nucap filed a cross-motion for summary judgment on May 2, 2016. (ECF No. 473.) Nucap seeks summary judgment on Bosch's affirmative defenses based on the terms and conditions set forth in Bosch's purchase-order contracts and Bosch's counterclaim for breach of those terms. (*See id.* at 15; Bosch LLCs' Ans. to 1st Am. Compl., ECF No. 328.)

The court held a preliminary injunction hearing over five, nonconsecutive days in May 2016. On August 29, 2016, this court granted Nucap's motion for preliminary injunction in part and denied it in part. (ECF No. 609.)

**II. Nucap's Objections**

The parties dispute the basis of, and the standard of review applicable to, Judge Kim's denial of Nucap's request for discovery. Among other things, Bosch argues that Nucap has not shown that its proposed discovery would have been likely to yield evidence relevant to the issues presented at the preliminary injunction hearing. (Bosch Opp'n 10–11, ECF No. 371). Generally, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," subject to the court's power to limit discovery. Fed. R. Civ. P. 26(b)(1)(A). The proponent of a discovery request ordinarily has the burden to show that the request is "reasonably calculated to lead to the discovery of admissible evidence." *Redwood v. Dobson*, 476 F.3d 462, 469 (7th Cir. 2007); *see, e.g.*, *Sommerfield v. City of Chicago*, No. 06 C 3132, 2010 WL 780390, at *3 (N.D. Ill. Mar. 3, 2010) (applying this rule to review of magistrate judge's discovery ruling). In its objections, Nucap argues that its

---

2016, stating that a "journal repository indexing error" led to the delayed production of approximately 7,000 e-mail messages. (ECF No. 292 at 2.)

proposed discovery is, or would have been, likely to produce evidence relevant to two matters.[3] The first has been mooted by the court's preliminary injunction ruling, and the second is unripe.

Nucap first asserts that obtaining discovery about Bosch's conduct in this litigation is relevant to the balance of hardships and public interest the court must strike when deciding whether to grant the then-pending motion for a preliminary injunction. (Nucap Obj. 1, ECF No. 282.) Mootness occurs "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (quoting *Knox v. SEIU, Local 1000*, 132 S. Ct. 2277, 2287 (2012)). After the instant objections were briefed, the court held a five-day hearing and decided Nucap's motion for preliminary injunction. As the preliminary injunction hearing has occurred and the court has ruled, deciding Nucap's objections would not provide it with effectual relief under Nucap's first theory of relevance. See *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, No. 1:13-cv-01316-JMS-MPB, 2016 WL 2997506, at *10 (S.D. Ind. May 23, 2016) (declaring expert-related evidentiary issues moot after determining that witness would not be permitted to testify at hearing).

Second, Nucap contends that its proposed request for production of documents could lead to discovery of evidence relevant to exemplary damages and attorney's fees on its claim for misappropriation of trade secrets. (*See* Nucap Obj. 10–11, ECF No. 282; *see also* 765 ILCS § 1065/4(b) (West 2016) (permitting award of exemplary damages where misappropriation is "willful and malicious"); *Id.* § 1065/5(iii) (allowing award of reasonable attorney's fees to prevailing party in misappropriation action). Bosch's pending motion for summary judgment does not place the amount or extent of damages suffered at issue; it is based instead on the terms

---

[3] Nucap also argues in its reply that its proposed discovery is relevant to Bosch's theory that the terms and conditions of its purchase orders authorized it to use Nucap's drawings. (Reply 13, ECF No. 405.) Nucap subsequently moved for summary judgment on those defenses without reserving this issue, however.

and conditions of its purchase orders. (*See* ECF No. 340 at 1.) Nucap's cross-motion for summary judgment does not concern its misappropriation claim. (*See* ECF No. 473 at 1.) No party objected to Judge Kim's order staying discovery until the pending dispositive motions are resolved. *See* Fed. R. Civ. P. 72(a) (setting 14-day deadline to object to a magistrate judge's nondispositive ruling). Hence, though the court implies no view on the merits of the pending dispositive motions, their resolution may make determining the scope of discovery relevant to Nucap's damages on its misappropriation-of-trade-secrets claim unnecessary. *Cf. Harris Custom Builders, Inc. v. Hoffmeyer*, 834 F. Supp. 256, 263–64 (N.D. Ill. 1993) (denying motions to compel as moot because claims to which discovery requests were relevant were dismissed in same order). That is, given the stay of discovery and dispositive motion directed at Nucap's misappropriation claim, its second theory of relevance now "rests upon contingent future events that may not occur as anticipated, or that may not occur at all," making it unripe for adjudication. *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1079 (7th Cir. 2016) (citing *Texas v. United States*, 523 U.S. 296, 300-01 (1998)) (defining ripeness under Article III). Accordingly, the court overrules this portion of Nucap's objections without prejudice as unripe.

### III. Nucap's Motion for Leave to Supplement

Nucap also recently filed a motion seeking to supplement its response to Bosch's motion for summary judgment. Nucap's request is based on the evidence adduced at the preliminary-injunction hearing. Its proposed supplemental response includes evidentiary citations to the transcript of the preliminary injunction hearing and exhibits admitted at that hearing. (*See* ECF No. 622 Ex. A.) Bosch responds that Nucap's request is untimely and unnecessary because Nucap referred to evidence admitted at the preliminary injunction hearing in its reply to its own motion for summary judgment.

Supplementing Nucap's response serves a substantive purpose, however, because the court has partial cross-motions for summary judgment before it. Cross-motions for summary judgment must be considered separately, and "[e]ach movant has the burden of presenting evidence to support its motion which would allow the court, if appropriate, to enter judgment in its favor." *Chrysler Motors Corp. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 748 F. Supp. 1352, 1357 (E.D. Wis. 1990) (citing *Barhold v. Rodriguez*, 863 F.2d 233, 236 (2d Cir. 1988)), *aff'd on other grounds*, 959 F.2d 685 (7th Cir. 1992); *accord George v. Kraft Foods Global, Inc.*, 814 F. Supp. 2d 832, 849 n. 10 (N.D. Ill. 2011) (citing *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 504 n. 4 (7th Cir. 2008)). Hence, citing evidence in a reply to one cross-motion does not necessarily carry a party's summary judgment burden on another cross-motion. *See George*, 814 F. Supp. 2d at 849 n.10 ("In opposing Defendants' motion for summary judgment, Plaintiffs have improperly relied upon facts they have set forth in their pending cross-motion for summary judgment."). Supplementation will therefore allow the parties to brief the pending issues based on all of the evidence introduced at the preliminary injunction hearing. Though Nucap has not fully explained why it did not move to supplement sooner, the pull to decide the pending motions on their merits here militates in favor of granting Nucap's request.

## IV. Conclusion

For the reasons given above, Nucap's objections (ECF No. 282.) are overruled without prejudice, in part as moot and in part as unripe. Should the stay of discovery be lifted at a future date, Nucap should first apply to the magistrate judge, if necessary, for leave to conduct discovery related to the matters that are the subject of its objections.

Nucap's motion for leave to supplement its response to Bosch's motion for summary judgment (ECF No. 622.) is granted. The clerk is directed to enter Nucap's proposed supplemental response separately on the docket. Bosch's reply to Nucap's supplemental response is due by November 9, 2016.

Date: October 19, 2016           /s/
                                 Joan B. Gottschall
                                 United States District Judge