UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NUCAP INDUSTRIES, INC., and | ) | |
| NUCAP US, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 15 C 2207 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| ROBERT BOSCH LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Almost fourteen months after it answered the first amended complaint, Robert Bosch GmbH ("Bosch GmbH") filed a motion to dismiss for lack of personal jurisdiction. "Unlike subject matter jurisdiction, personal jurisdiction can be waived at any time by express submission, conduct or failure to assert the defense." *United States v. Chapel*, 956 F.2d 272, 1992 WL 42326, at *2 (7th Cir. 1992) (table decision) (citing *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982)). The Seventh Circuit has held that one way to submit to personal jurisdiction is to "cause the court to go to some effort that would be wasted if personal jurisdiction is subsequently found lacking." *Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016) (citing *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 848 (7th Cir. 2012)). Bosch GmbH admits in its reply that it waited so long in part to see how the court would rule on the plaintiffs' motion for preliminary injunction, believing that the ruling could have disposed of at least some of the claims against it. (ECF No. 795 at 13 n.5.) Because a preliminary injunction ruling would have been wasted on Bosch GmbH without personal jurisdiction, it submitted to this court's jurisdiction by waiting for that ruling and by its other litigation conduct. The court therefore denies the motion.

1

# I. BACKGROUND

## A. The Parties

Nucap Industries Inc. ("Nucap Industries") is a Canadian corporation with its principal place of business in Toronto. (1st Am. Compl. ¶ 24, ECF No. 239 ("FAC").) Nucap US Inc. ("Nucap") is a Connecticut corporation with its principal place of business in Connecticut. (*Id.* ¶ 25.) Nucap is an indirect, wholly-owned subsidiary of Nucap Industries. (*Id.*)

Bosch GmbH "is a limited liability company organized under the laws of Germany" with a principal place of business in Stuttgart, Germany. (*Id.* ¶ 28.) Bosch GmbH is the indirect parent of two corporations organized under the laws of Delaware: Robert Bosch, LLC ("Bosch LLC") and Bosch Brake Components, LLC ("Bosch Brake"). (*See id.* at 1 (introductory paragraph) & ¶¶ 26–27, 28.) Both keep their principal place of business in Broadview, Illinois. (*Id.* ¶¶ 26–27.) Nucap refers to these two companies collectively as "Bosch" in its amended complaint, but the court follows the parties' lead in their briefing and uses the short form "Bosch U.S." here because it is slightly less confusing. Bosch GmbH also has subsidiaries, which it indirectly owns, in China (collectively "Bosch China") and Mexico (collectively "Bosch Mexico"). (*See id.* ¶ 28.)

## B. Nucap's Allegations and Claims

In late 2008 or early 2009, Bosch GmbH and Bosch U.S. began making and selling aftermarket brake pads, that is, brake pads to replace the pads installed by the original manufacturer of a vehicle. (*See* FAC ¶¶ 1–6, 10, 64, 66–69.) Nucap designs and manufactures components of aftermarket pads, such as shims and backing plates. (*See id.* ¶¶ 3, 7–9, 43–44.) Bosch U.S. began purchasing brake pad components from Nucap in late 2008 or early 2009, but that relationship skidded to a halt in late 2014. (*See id.* ¶¶ 76, 93–98.) Nucap's misappropriation

claims concern Bosch's alleged subsequent use of a database of drawings of brake components Nucap claims to have spent hundreds of millions of dollars creating. (Preliminary Injunction Hearing Transcript ("Hr'g Tr.") at 78:5–78:23, 79:16–80:3, 218:24–219:17 (testimony of Nucap's Chief Executive Officer), ECF Nos. 531, 536.)

In their briefing on the instant motion, the parties sort the seven counts pleaded in the FAC into two broad groups. The first group, Counts I–III, consists of Nucap's drawing-related claims. Nucap brings these claims against Bosch U.S. (FAC ¶¶ 100–31.) Nucap alleges that "Bosch wrongfully misappropriated Nucap's library of confidential and proprietary drawings with tolerances and specifications ('drawings') for aftermarket brake components." (*Id.* at 1.) Nucap claims Bosch U.S. improperly disclosed Nucap's trade-secret- and copyright-protected drawings to other suppliers by misusing the drawings to qualify replacement parts and improperly altering copyright-management information on the drawings. (*Id.* ¶¶ 103, 105, 111–12, 125–26, 150, 156.) "Bosch and Bosch GmbH collaborated on the de-sourcing of Nucap with Bosch disclosing and misusing Nucap's drawings to qualify and approve replacement suppliers," according to Nucap's amended complaint. (*Id.* ¶ 70.)

Nucap's Trelleborg-related claims in Counts IV–VII, which are pleaded against all defendants, including Bosch GmbH, comprise the second group. According to the FAC, Nucap had an exclusive agreement with a group of companies referred to collectively as Trelleborg to supply shims, some of which Nucap and Trelleborg codeveloped, made of "advanced steel-rubber composite material." (*Id.* ¶ 21; *see also id.* ¶¶ 14–15, 21–22, 87–88.) Nucap alleges that Bosch and Bosch GmbH "intentionally interfered with Nucap's exclusive agreement with Trelleborg to divert shim materials from Nucap to alternative third-party manufacturers." (*Id.* ¶ 1.) Nucap claims that Bosch GmbH "reached out directly to [Trelleborg], demanded that they

supply Trelleborg Shim Composites to Bosch's replacement suppliers, and threatened existing

business with Trelleborg if their demands were not met." (*Id.* ¶ 135; *see also id.* ¶¶ 88, 141, 150,

156.) Bosch and Bosch GmbH, Nucap alleges, "work[ed] to de-source Nucap by moving the

supply of brake components from Nucap to third party manufacturers willing to supply inferior

and low-cost components." (*Id.* ¶ 69.) Nucap pleads the following claims against Bosch U.S.

and Bosch GmbH: tortious interference with contract, tortious interference with prospective

economic advantage, unfair competition, and unjust enrichment. (*Id.* ¶¶ 132–58.)

**C. Pertinent Procedural History**

1. Discovery Involving Bosch U.S. Commences Based on the Original Complaint (Mar. 2015–Feb. 2016)

Nucap filed its initial complaint on March 12, 2015, naming Bosch U.S. as defendants.

(ECF No. 1 at 1.) Bosch U.S. moved to stay the case and compel the parties to arbitration (ECF

No. 42) but the court denied that motion on July 1, 2015 (ECF No. 63; *see also Nucap Indus. Inc.*

*v. Robert Bosch LLC*, No. 15-cv-2207, 2015 WL 4038714 (N.D. Ill. July 1, 2015)). Nucap and

Bosch U.S. then submitted an initial discovery plan after conducting an initial discovery

conference. (*See* ECF No. 64.) The court held a status conference on July 10, 2015. (*See*

Minute Entry, ECF No. 65; Tr., ECF No. 69.) At that conference, the court denied Nucap's

request for expedited discovery and referred this case to the Honorable Young B. Kim to manage

discovery and rule on related, nondispositive matters. (*See* Referral Order, ECF No. 66; *see also*

28 U.S.C. § 636(b)(1)(A).)

Discovery began later in July 2015. (*See* Minute Entry, July 23, 2015, ECF No. 72.) But

on August 21, 2015, Judge Kim ordered Nucap and Bosch U.S. to obtain leave of court before

propounding further discovery. (Minute Entry, Aug. 21, 2015, ECF No. 86.) The next few

months saw Nucap and Bosch U.S. engage in substantial discovery litigation primarily before

Judge Kim. That practice included disputes over requests for electronically stored information ("ESI"). (*See, e.g.*, Minute Entries of Oct. 28 & Nov. 17, 2015, ECF Nos. 130, 164.) This period of discovery culminated in the filing on January 5, 2016, of Nucap's motion for leave to file its FAC adding Bosch GmbH as a defendant. (ECF No. 194.) Nucap and Bosch U.S. stipulated to the granting of that motion later that month on January 29, 2016. (ECF No. 218; *see also* ECF No. 237 (order granting motion).)

2. <u>Nucap Adds Bosch GmbH and Exchanges a First Round of Discovery Requests with It (Feb.–June 2016)</u>

Bosch GmbH answered the FAC on March 21, 2016. (Bosch GmbH Answer and Affirmative Defenses, ECF No. 327.) It responded to Nucap's allegation that this court has personal jurisdiction by stating that it lacked sufficient information to form a belief about the truth or falsity of the allegation. (*Id.* ¶¶ 32–33.)

On March 29, 2016, Nucap asked Judge Kim for leave to propound requests for production of documents to Bosch GmbH. (Mot. Leave Serve Disc., ECF NO. 363; *see also id.* ¶ 3 (noting that Bosch GmbH's counsel took no position on the motion).) In his minute entry granting that motion, Judge Kim observed that his August 2015 order requiring the court's permission before propounding written discovery did not apply to Bosch GmbH because it was not yet a party in August 2015. (Minute Entry, Apr. 6, 2016, ECF No. 390.) Judge Kim therefore directed Nucap and Bosch GmbH to conduct a Rule 26(f) conference and propose a discovery plan. (*Id.*)

Bosch GmbH moved for leave to amend its answer on April 22, 2016. (ECF No. 420.) The court granted that motion. Bosch GmbH's amended answer specifically pleads lack of personal jurisdiction as an affirmative defense. (Bosch GmbH Am. Answer and Affirmative Defenses ¶¶ 12–13, ECF No. 420-1.) On the same day Bosch GmbH requested permission to

amend its answer, Nucap and Bosch GmbH submitted a joint report on their Rule 26(f) conference and discovery plan. (ECF No. 419.) Bosch GmbH repeatedly took the position in that report that the court lacks personal jurisdiction over it. (*E.g.*, Joint Rule 26(f) Report 3, 6, ECF No. 419.) The parties proposed a schedule for discovery, to which Bosch GmbH agreed "[i]n the event that jurisdiction over Bosch GmbH is found to exist." (*Id.* at 7.)

On May 13, 2016, Bosch GmbH made the initial disclosures required by Rule 26(a) to Nucap. It identified four Bosch GmbH executives with knowledge of Nucap's Trelleborg-related claims. (*See* Decl. of Michelle Yang Supp. Nucap Mem. Opp'n Bosch GmbH Mot. Dismiss ("Yang Decl."), Ex. 3 at 2, ECF No. 796-3.) On May 20, 2016, Bosch GmbH served Nucap with its first set of interrogatories and requests for production of documents. (*Id.* Exs. 4, 5.)

From June 14–30, 2016, Bosch GmbH participated in negotiations over matters related to the conduct of ESI discovery in response to Nucap's first set of requests for production of documents and agreed to the use of several search terms. (*See id.* Exs. 6–8.) One email from Bosch GmbH's counsel stated, however, that discovery will be produced "subject to Bosch GmbH objections." (Email from D. Hayes at 1, June 14, 2016, at 10:01 a.m., *id.* Ex.6.)

Six days later, on June 20, 2016, Bosch GmbH served a document formally objecting to Nucap's discovery requests. Bosch GmbH objected to Nucap's discovery requests that were apparently relevant to its drawing-related claims, arguing in part that "there is no personal or subject matter jurisdiction over Bosch GmbH for any claim or cause of action regarding 'Nucap Drawings'" and other specified matters. (Bosch GmbH Objs. & Resps. to Reqs. for Produc. 5–7, 10–17, ECF No. 736-4.) But Bosch GmbH did not lodge a jurisdictional objection to every request, including requests seeking Trelleborg-related information. (*See, e.g.*, *id.* 4–5.) On June 30, 2016, Bosch GmbH's counsel Dina Hayes sent a letter to Nucap's counsel Kyle Mooney,

noting Bosch GmbH made jurisdictional objections in its discovery responses to preserve the defense. (ECF No. 736-3 at 1–2.)

3. Same Time Period: Nucap Moves for Preliminary Injunction; Nucap and Bosch U.S. Brief Partially Dispositive Motions

On January 29, 2016, Nucap filed a motion seeking a preliminary injunction against Bosch U.S.; Bosch GmbH had not yet been formally made a party when Nucap filed that motion, and Bosch GmbH did not join Bosch U.S.'s responsive briefing. (See Mot. Prelim.Inj. 1, ECF No. 219; Bosch's Opp'n 46, ECF No. 313; Bosch. Resp. to Nucap's Proposed Findings Fact & Conclusions Law 51, ECF No. 590.)

Bosch U.S. filed a motion for partial summary judgment on March 23, 2016, which Bosch GmbH did not join. (Bosch Mot. Summ. J., ECF No. 340.) Nucap responded by filing a cross motion for partial summary judgment on May 2, 2016, which also did not involve Bosch GmbH. (Nucap Cross-Mot. Summ. J., ECF No. 473.) Finally, Nucap moved to dismiss one of Bosch GmbH's counterclaims on May 11, 2016. (ECF No. 498.)

The court held hearings on Nucap's motion for preliminary injunction on May 6–7, 10, and 12–13, 2016. Post-hearing briefing concluded on June 20, 2016, and the court took the motion under advisement.

4. Discovery Stayed Until Resolution of Dispositive and Preliminary-Injunction Motions (Aug. 2016–Mar. 2017)

As things stood at the beginning of July 2016, Nucap's motion to dismiss, the cross motions for summary judgment, and the motion for preliminary injunction were pending. Summary judgment briefing concluded by the end of June (though the parties later filed supplemental briefs). (See ECF No. 597.) Briefing on the motion to dismiss continued into mid-July, however. (See ECF No. 606 (surreply filed with leave of court on July 19, 2016).)

Judge Kim held a status conference on August 16, 2016.  At that conference, Nucap and Bosch GmbH told Judge Kim that they agreed to stay discovery until the pending motions were resolved (Tr. of Hr'g 5:3–7:9, ECF No. 796 Ex. 13.)  Judge Kim partially stayed discovery pending resolution of the cross motions for partial summary judgment.  (Nucap Resp. 7, ECF No. 795.)

The court denied Nucap's motion for preliminary injunction in part and granted it in part on August 29, 2016 (ECF No. 609), and decided the cross motions for partial summary judgment on March 31, 2017[1] (Mem. Op. & Order, Mar. 31, 2017, ECF No. 713).  Though the court dismissed one of Bosch U.S.'s counterclaims, it found that genuine disputes over material facts precluded the parties' cross requests for partial summary judgment.  Despite the stay then in effect, on September 15, 2016, Bosch GmbH produced 13,000 pages of documents to Nucap in response to Nucap's first round of discovery requests dating to May 2016.  (Bosch GmbH Mot. Dismiss 1–2; Nucap Resp. 6.)

5.  Discovery Stay Lifted; Bosch GmbH Moves to Dismiss (Apr. 2017–present)

The parties filed a joint status report on April 13, 2017; they proposed a schedule for completing discovery.  (*See* ECF No. 722 at 10–11.)  Under that schedule, which Judge Kim adopted (ECF No. 725) fact discovery closed on August 17, 2017, and expert discovery closes on November 3, 2017.  (*Id.*)

Judge Kim held a status conference on April 20, 2017, at which he lifted the discovery stay then in effect.  (*See* ECF No. 725.)  The parties stated that Bosch GmbH objected on jurisdictional grounds to Nucap's discovery requests relevant to its drawing-related claims.  (*See* Tr. at 7:6–9:8, ECF No. 796 Ex. 16.)  Judge Kim gave Nucap until April 28, 2017, to file a motion addressing the disputed scope of discovery and set a briefing schedule.  (*See* ECF No.

---

[1] The parties supplemented their summary judgment briefing in October 2016.  (*See* ECF No. 636.)

725.)  Nucap filed its motion by the deadline (ECF No. 729), and Bosch GmbH filed the instant

motion to dismiss on its response deadline, May 12, 2017 (ECF No. 735; *see also* Resp. to

Nucap Disc. Mot. 1–3, ECF No. 738 (asserting personal jurisdiction defense).)

On May 25, 2017, Judge Kim effectively stayed discovery against Bosch GmbH unless

and until the court denied its motion to dismiss for lack of personal jurisdiction.  (*See* ECF No.

741.)  Nucap objects to that ruling.  (ECF No. 750; *see also* Fed. R. Civ. P. 72(a) (setting forth

procedure for objecting to a magistrate judge's nondispositive rulings).)

## II. LEGAL STANDARD

Bosch GmbH moves to dismiss Nucap's claims against it for lack of personal

jurisdiction.  (Mot. to Dismiss 1, ECF No. 735.)  It invokes two procedural rules and contends

that dismissal is required under both.  (*Id.*)  The first, Federal Rule of Civil Procedure 12(b)(2),

permits a defendant to move to dismiss a complaint for lack of personal jurisdiction.  The

second, Rule 12(c), allows a party to move for judgment on the pleadings.

Bosch GmbH does not explain how it believes analyzing its motion to dismiss differs

under the two rules it cites.  The Rule 12(b)(2) and 12(c) analyses merge into one here.  When a

party raises one of the procedural defenses available as a motion under Rule 12(b) in a Rule

12(c) motion for judgment on the pleadings, the court "appl[ies] the same standard applicable to

the corresponding 12(b) motion."  *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir.

1993) (citing *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989)) (other citation

omitted).  The court therefore analyzes Bosch GmbH's motion to dismiss under Rule 12(b)(2).

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, "the plaintiff bears

the burden of demonstrating the existence of jurisdiction."  *Purdue Research Found. v. Sanofi-

Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (citations omitted).  If the court holds an

evidentiary hearing, a plaintiff must establish the court has personal jurisdiction by a preponderance of the evidence. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). But if a court rules on a defendant's motion to dismiss without an evidentiary hearing based on written materials, the plaintiff only needs to make a prima facie showing of jurisdictional facts. *See Purdue*, 338 F.3d at 782 (quoting *Hyatt*, 302 F.3d at 713); *see also Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). Courts may consider matters outside of the pleadings to analyze a Rule 12(b)(2) motion. *See Purdue*, 338 F.3d at 782. When determining if the plaintiff has satisfied the prima facie standard, the court takes as true all well-pleaded facts in the complaint and resolves all disputes over relevant facts in plaintiff's favor. *Id.* (citing *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997)). Once a defendant submits evidence tending to show a lack of personal jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting jurisdiction, although the plaintiff remains entitled to have any conflicts in the supporting materials resolved in its favor. *Id.* at 783 (citations omitted).

### III. ANALYSIS

Unlike a federal court's subject matter jurisdiction, which cannot be waived, a personal jurisdiction defense is an individual right, so a party can waive it. *Ins. Corp. of Ir.*, 456 U.S. at 704; *Relational, LLC v. Hodges*, 627 F.3d 668, 672 n.4 (7th Cir. 2010) (citation omitted). Nucap contends that Bosch GmbH did not timely assert its personal jurisdiction defense because it took Bosch GmbH thirty-two days to plead personal jurisdiction as an affirmative defense in its amended answer, contrary to the twenty-one-day deadline set by the Federal Rules. (Nucap Resp. 3 (citing Fed. R. Civ. P. 12(h)(1), 15(a)).) The court cannot agree with this argument because Bosch GmbH's initial response to Nucap's personal jurisdiction allegation amounted to a

denial.  *See* Fed. R. Civ. P. 8(b)(5).  Nevertheless, Bosch GmbH waived or forfeited its personal jurisdiction defense by its subsequent conduct.

**A. Bosch GmbH's Original Answer Preserved Its Personal Jurisdiction Defense**

Rules 12 and 15(a) set the stage for Nucap's first contention.  In this case, Rule 12(a) gave Bosch GmbH twenty-one days from the date on which the FAC was served to answer it. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii).  Rule 12(b) gives a defendant two options for asserting a personal jurisdiction defense within the first twenty-one days after the complaint is served: include it in a responsive pleading, such as an answer, or file a motion to dismiss based on the defense, a Rule 12(b)(2) motion, before filing a responsive pleading.  *See Hedeen Int'l*, 811 F.3d at 905; *see also* Fed. R. Civ. P. 12(a)(4) (extending time to answer while Rule 12(b) motion to dismiss is pending).  If the defendant files an answer, it must include "[e]very defense to a claim for relief."  Fed. R. Civ. P. 12(b).

Under Rule 12(h), a defendant "waives any defense listed in Rule 12(b)(2)-(5), [which encompasses the defense of lack of personal jurisdiction,] by . . . failing to either make it by motion under [Rule 12]; or include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."  Fed. R. Civ. P. 12(h)(1)(B) (internal numbering omitted). Rule 15(a)(1)(A) permits an answer to be amended "once as a matter of course within 21 days after serving it."  Fed. R. Civ. P. 15(a)(1)(A).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

In paragraph thirty-three of its original answer to the FAC, Bosch GmbH responded to Nucap's allegation that the court had personal jurisdiction over Bosch GmbH by stating that it lacked sufficient knowledge or information to admit or deny the allegation.  (ECF No. 327 ¶ 33.) As Nucap points out, Bosch GmbH's original answer listed thirty-two affirmative defenses, but

lack of personal jurisdiction was not among them. (*See id.* 42–46.) Nevertheless, Bosch

GmbH's response to paragraph thirty-three amounted to a denial under Rule 8(b)(5), which

provides that such a "statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5).

Therefore, paragraph thirty-three of Bosch GmbH's original answer to the FAC preserved

its personal jurisdiction defense from Rule 12(h) waiver.[2] "Notice pleading concepts apply to

defenses just as to complaints." *Amelio v. Yazoo Mfg. Co.*, 98 F.R.D. 691, 693 (N.D. Ill. 1983);

*accord Moriarty v. B. Michael Muzyka, Ltd.*, No. 03 C 7946, 2003 WL 22964370, at *1 (N.D. Ill.

Dec. 15, 2003) ("Notice pleading principles apply to responsive pleadings as well as to

complaints . . . ."). All Nucap had to do was read Bosch GmbH's answer in conjunction with

Rule 8(b)(5) to see that Bosch GmbH denied that the court had personal jurisdiction over it. *See*

*Hedeen Int'l*, 811 F.3d at 906 (noting that "[l]itigators should be able to rely on the plain

language of the Rules in conducting litigation in federal court"). Put another way, Bosch

GmbH's response to Nucap's allegation denied a statement, in so many words, that the court has

personal jurisdiction (ECF No. 327 ¶ 33) and thereby gave Nucap fair notice that Bosch GmbH

contested personal jurisdiction. To require more, such as a repetition of the denial in a separate

paragraph (perhaps under the heading "defenses"), would be to demand more formalism than a

regime of notice pleading requires. *Cf. Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006)

(stating, regarding a complaint, that "the traditional purpose of notice pleading . . . [is to] give[]

defendants fair notice of the claims against them and a reasonable opportunity to form an

answer"); *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 914 (7th Cir. 1994) (holding complaint

sufficiently stated basis for personal jurisdiction because more detailed allegations were "not

critical in a regime of notice pleading, even with respect to jurisdictional allegations" (citing

---

[2] The date on which Nucap served Bosch GmbH with the FAC does not appear in the record, but no party contends that Bosch GmbH missed the Rule 12(a) deadline to answer the FAC.

*Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 777 (7th Cir. 1994) (other citation

omitted))). Courts have applied Rule 12(h) consistent with the purposes of notice pleading,

"regularly [holding]" that denying an allegation that the court has personal jurisdiction avoids

waiver under Rule 12(h). *Lowe v. CVS Pharmacy, Inc.*, --- F. Supp. 3d ---, No. 14 C 3687, 2017

WL 528379, at *3 (N.D. Ill. Feb. 9, 2017) (citing *Payton v. Kale Realty, LLC*, No. 13 C 8002,

2014 WL 4214917, at *1–2 (N.D. Ill. Aug. 26, 2014) and *Fabara v. GoFit, LLC*, 308 F.R.D. 380,

399 (D.N.M. 2015)). Indeed, at least one case in this district holds that denying all of the factual

allegations that would support the exercise of personal jurisdiction satisfies Rule 12(h). *See*

*Payton*, 2014 WL 4214917, at *2 ("While this answer does not object to jurisdiction, [the

defendant] objected to all facts that would give rise to the court's personal jurisdiction over it.").

Under these cases, by giving Nucap timely fair notice of the defense, paragraph thirty-three of

Bosch GmbH's original answer avoided Rule 12(h) waiver of the defense of lack of personal

jurisdiction.

Nucap cites (Mem. Opp'n Mot. to Dismiss 4–5 & n.4, ECF No. 795) a recent case that

can be read as requiring the answer to include a separate, affirmative contention that the court

does not have personal jurisdiction over the defendant, but that case is distinguishable. *See*

*Restoration Hardware, Inc. v. Haynes Furniture Co.*, No. 16 C 10665, 2017 WL 2152438, at *2

(N.D. Ill. May 17, 2017) (observing that "other than a general denial of the paragraph alleging

personal jurisdiction, [the answer to the amended complaint] failed to include any affirmative

contention that the Court lacked personal jurisdiction over them" (citing *Davis v. Carter*, 61 F.

App'x 277, 279 (7th Cir. 2003))). The *Restoration Hardware* decision does not cite any of the

cases collected in the previous paragraph holding that a denial suffices to preserve a personal

jurisdiction defense under Rule 12(h). *See id.* Also, *Restoration Hardware* concerned a "general

denial" in the answer, *id.*, rather than an allegation that the defendant lacked sufficient information to admit or deny that the court had personal jurisdiction. It is hard to see how Bosch GmbH's counsel could have separately pleaded a personal jurisdiction defense, given its representation that it lacked sufficient information to form a belief about the issue, without running afoul of her Rule 11 obligations. *See* Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."). Furthermore, because the *Restoration Hardware* court concluded that the defendant's subsequent litigation conduct waived its personal jurisdiction defense, the result would have been the same there without a Rule 12(h) analysis. *See Restoration Hardware*, 2017 WL 2152438, at *2 (finding waiver based on statements in joint initial status report and defendant's nonopposition to motion to transfer case to another judge). For these reasons, this court finds *Restoration Hardware* distinguishable and cases like *Lowe*, *supra*, to be more persuasive on the question of what an answer must include to preserve a personal jurisdiction defense under Rule 12(h)(1).

## B. Bosch GmbH Consented to Personal Jurisdiction by Agreeing to Wait to See How the Court Would Rule on Nucap's Motion for Preliminary Injunction

Nucap also contends Bosch GmbH waived its personal jurisdiction defense by participating in this lawsuit for nearly fourteen months before moving to dismiss for lack of personal jurisdiction. Last year, in *Hedeen International*, *supra*, the Seventh Circuit held that the expiration of the twenty-one-day period for answering a complaint set by Rule 12(a)(1) does not terminate a defendant's right to move to dismiss for lack of personal jurisdiction. 811 F.3d at

905–06; *Pierson v. Nat'l Inst. for Labor Relations Research*, No. 15 C 11049, 2016 WL 6093490, at *3 (N.D. Ill. Oct. 17, 2016). The Seventh Circuit stated, however, that its holding did "not mean the time for filing such a motion is unbounded or that the plaintiff was without recourse." *Hedeen Int'l*, 811 F.3d at 506. Instead, it reaffirmed a line of cases holding that even where a defendant complies with Rule 12(h) and preserves a personal jurisdiction defense in its answer, the defense can be waived "if a defendant gives a plaintiff a reasonable expectation that he will defend the suit on the merits or where he causes the court to go to some effort that would be wasted if personal jurisdiction is subsequently found lacking." *Id.* at 905–06 (explaining that a defendant can waive a personal jurisdiction defense even though it was initially preserved) (citing *H-D Mich., LLC*, 694 F.3d at 848); *accord Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)). Bosch GmbH waived its personal jurisdiction defense here when it agreed to wait and see how the court ruled on Nucap's motion for preliminary injunction before litigating personal jurisdiction.

Bosch GmbH claims in its briefing on the instant motion that it produced documents to Nucap only to assure Nucap that this court lacks personal jurisdiction. Through the first round of discovery and until it filed its motion to dismiss, Bosch GmbH communicated only a qualified personal jurisdiction objection. In its written discovery objections dated June 20, 2016, Bosch GmbH lodged personal jurisdiction objections to discovery requests it perceived as relevant to Nucap's drawing-related claims but not to requests that were apparently relevant to Nucap's Trelleborg-related claims. Bosch GmbH articulated a similar position in a letter from its counsel dated June 30, 2016. And if any doubt lingered, Bosch GmbH clarified its position before Judge Kim in April 2017:

> [I]n all the papers [Bosch GmbH has] filed to date, we reserved the
> jurisdictional problem if they're going to try and extend the

jurisdiction over GmbH now through the back door to get at trade secret discovery. If the discovery is limited to the tortious interference claims against Trelleborg, we believe that we can work out that discovery with GmbH as a party. If the discovery is now going to go far afield, beyond what the jurisdiction would permit, then we're going to have to brief the issue of whether jurisdiction would allow for that discovery and, therefore, whether or not the Hague Convention would have to be followed if that discovery was to be taken from GmbH.

THE COURT: So what you're saying is that GmbH can potentially be a party/third-party witness, depending on the scope of the discovery request.

[Counsel for Bosch GmbH]: Correct.

(Tr. Hr'g held Apr. 20, 2017 at 8:6–21, ECF No. 795-16.)

Together, Bosch GmbH's communications to Nucap and the court since June 2016 send a consistent message: Bosch GmbH does not mind if this court exercises personal jurisdiction over it and adjudicates counts III–VII of the FAC, provided that (1) those counts are not interpreted to encompass Nucap's drawing-related claims and (2) Nucap is not allowed to seek discovery relevant to its drawing-related claims from Bosch GmbH. Taking this position frustrated the very purpose Bosch GmbH claims its decision to engage in discovery served. Bosch GmbH refused to produce anything arguably shedding light on Nucap's drawing-related claims and whether it had sufficient drawing-related contacts with Illinois[3] to support an exercise of specific jurisdiction over them. So Bosch GmbH left Nucap in pretty much the same position it would have occupied without discovery.

For all that appears, then, Bosch GmbH could have immediately presented its objections to personal jurisdiction in April 2016 by filing a motion asking the court to construe the FAC and

---

[3] The parties debate the propriety of exercising personal jurisdiction over Bosch GmbH based on Nucap's specific claims made in the FAC. "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 493 (7th Cir. 2013) (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010)). For a full exegesis of the framework for analyzing personal jurisdiction in a diversity case like this one, *see id.* at 492–93.

applying the law governing the scope of discovery. Bosch GmbH did not do that. It forged

ahead with discovery, albeit subject to a partial jurisdictional objection, beginning in May 2016,

and put Judge Kim in the position of superintending the process. Had Bosch GmbH challenged

personal jurisdiction by attacking the FAC on its face before discovery commenced, Judge Kim

would not have needed to expend his time and energy on Nucap and Bosch GmbH's discovery

problems because "[a]t a minimum, the plaintiff must establish a colorable or prima facie

showing of personal jurisdiction before discovery should be permitted." *Cent. States, Se. & Sw.

Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000), quoted in

*Telemedicine Solutions LLC v. WoundRight Techs., LLC*, 27 F. Supp. 3d 883, 901 (N.D. Ill.

2014).

What is more, Bosch GmbH agreed to stay discovery in August 2016 until the court

decided Nucap's motion for preliminary injunction and the other dispositive motions that were

then pending. Not every litigation move consents to the court exercising personal jurisdiction.

In *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*,

for instance, the district court initially set the plaintiff's motion for preliminary injunction for

hearing twenty-one days after the plaintiff filed its complaint. *See* 623 F.3d at 443. Three days

before the hearing, the defendant moved to continue it and for expedited discovery; the motion

was granted. *See id.* The defendant moved to dismiss for lack of personal jurisdiction thirteen

days later, but the plaintiff claimed the defendant waived the defense when it moved to continue

the case and for expedited discovery. *Id.* Calling the plaintiff's argument "bold," *id.* at 442, the

Seventh Circuit held that "[f]aced with an impending preliminary injunction hearing and unable

to produce its key witness, [the defendant] had the right to ask for more time to learn who was

suing it and why without losing its right to object to personal jurisdiction." *Id.* at 443.

Reasoning that the plaintiff should have anticipated the defense, the court observed that the defendant "was not 'testing the wind' or causing 'wasted motion by the court.'" *Id.*

But by its own admission, Bosch GmbH did far more than delay to learn enough about who was suing it and why before attacking personal jurisdiction. It instead used the preliminary injunction proceedings to see how the wind was blowing—indeed, whether it could win outright. Bosch GmbH asserts in its reply that it agreed to stay discovery in August 2016 and did not raise personal jurisdiction from July 2016–March 2017 because "the focus during this period was on litigation of the preliminary injunction and summary judgment motions (none of which involved Bosch GmbH)."[4] (ECF No. 818 at 13.) If, as Bosch GmbH claims, the issues being litigated did not concern it, why did it wait to raise personal jurisdiction? The court need not speculate, for Bosch GmbH explains in a footnote to its reply: "the preliminary injunction motion did include the Trelleborg claims and thus could potentially have resolved these claims as to Bosch GmbH." (*Id.* at 13 n.5.) Presumably, Bosch GmbH means that if the court had ruled for Bosch U.S. on the Trelleborg-related claims, Bosch GmbH, citing that ruling, would have promptly asked the court to resolve Nucap's Trelleborg-related claims against it in the same way. (*See id.*) That is, Bosch GmbH admits that it wanted to wait and see how the wind was blowing on the Trelleborg-related claims in the preliminary injunction proceedings.

By taking this tack, Bosch GmbH lost its ability to raise the defense of lack of personal jurisdiction. Without personal jurisdiction, this court cannot bind a party to a preliminary injunction. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796,

---

[4] Bosch GmbH's attorneys, who also represented the other Bosch parties, announced that they were appearing for "the Bosch defendants" at the preliminary injunction hearing. (Prelim. Inj. Tr. 3:13–16, May 6, 2016, ECF No. 536.) Although Bosch GmbH was not yet a defendant, its interests were potentially at stake at the hearing because an injunction binds "other persons who are in active concert or participation" with a party, Fed. R. Civ. P. 65(d)(2)(C), and Nucap alleged in its Trelleborg-related claims that Bosch U.S. and Bosch GmbH worked together.

800 (7th Cir. 2014) ("In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant." (citing *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 598 (7th Cir. 2007))).  Whether called testing the wind, testing the waters, floating a trial balloon, sandbagging, or something else, the Supreme Court and the Seventh Circuit have disapproved the practice of adopting a wait-and-see stance to asserting the defense of lack of personal jurisdiction; doing so typically results in waiver.  *See, e.g.*, *Rice*, 38 F.3d at 914; *Minemyer v. R-Boc Representatives, Inc.*, 283 F.R.D. 392, 395–96 (N.D. Ill. 2012) (citations omitted).  As the Seventh Circuit explained in *Rice v. Nova Biomedical Corp.*, *supra*, challenges to personal jurisdiction should be resolved as early as possible "to head off situations in which a defendant, if he thinks the trial is going against him, will plead lack of jurisdiction in order to force the plaintiff to start over in another court, but if he thinks the trial is going well will waive his objection to personal jurisdiction and await the entry of a final judgment that he can use as res judicata to prevent the plaintiff from suing him again."  38 F.3d at 914 (citing *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993)); *see also Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 887 (7th Cir. 2004) (collecting additional authority (stating that "there is no reason to allow [the defendant to] . . . wait until the plaintiff has invested resources in preparing for suit in the plaintiff's chosen forum, wait perhaps to assess his prospects in that forum, and only then demand that the case start over elsewhere").  If participating in proceedings to enforce an injunction against a third party after dropping a footnote in an opening brief objecting to personal jurisdiction waives the defense, agreeing to await a decision the defendant describes as dispositive of the claims against it waives the defense a fortiori.  *See Blockowicz v. Williams*, 630 F.3d 563, 566 (7th Cir. 2010) (holding defense waived because party did not pursue it except in a footnote until the appeal).

Two possible concerns about finding consent here have yet to be addressed. First, Bosch GmbH has suggested that it was not aware until April 2017 that Nucap believed the claims it pleaded against Bosch GmbH were broad enough to allow discovery on Nucap's drawing-related claims. (*See* Reply at 13–14 & n.5.) Bosch GmbH implies that it never would have agreed to a stay or qualified its objections to personal jurisdiction if it had known that Nucap's claims swept so broadly. (*See id.*) Bosch GmbH's implication cannot be squared with its June 2016 objections to Nucap's drawing-related discovery requests. (*See* Bosch GmbH Objs. & Resps. to Reqs. for Produc. 5–7, 10–17, ECF No. 736-4.) Those objections demonstrate Bosch GmbH's awareness of Nucap's position when it agreed to a stay nearly two months later.

Second, Bosch GmbH's gambit does not seem like a particularly egregious waste of the court's resources. After all, the court would have resolved Bosch U.S.'s Trelleborg-related contentions at the preliminary-injunction stage regardless of what Bosch GmbH did.

Be that as it may, this aspect of personal jurisdiction doctrine promotes more than judicial economy. Just as surely as when it lacks jurisdiction over the subject matter, a federal district court "is 'powerless to proceed to an adjudication'" on the merits without personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Emp'rs Reins. Corp. v. Bryant*, 299 U.S. 374, 382 (1937)); *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 745 (N.D. Ill. 2016) ("Personal jurisdiction refers to the Court's 'power to bring a person into its adjudicative process.'" (quoting *N. Grain Mktg.*, 743 F.3d at 491)). Therefore, "even where personal jurisdiction cannot otherwise be established, a defendant may nonetheless manifest consent to a court's in personam jurisdiction where he or she takes steps or seeks such relief as is consistent only with the hypothesis that the court has jurisdiction over his or her person." *In re Schwinn Bicycle Co.*, 182 B.R. 526,130 (Bankr. N.D. Ill. 1995) (citing *Ins. Corp. of Ir.*, 456 U.S.

at 702–05).  Waiting to see how a merits decision will go does more than allow the other parties

and the court to expend scarce resources to render a decision that would be nonbinding, and

unseemly, if it turns out that the court lacks jurisdiction.  A defendant like Bosch GmbH who

decides that it will wait to see whether it can live with a ruling on the merits necessarily accepts

the hypothesis that the court has adjudicatory authority over it, for it cannot benefit from the

favorable ruling for which it has delayed, and for which it hopes, any other way.  *See Rhurgas*,

526 U.S. at 584–85; *Advanced Tactical Ordnance Sys.*, 751 F.3d at 800.

## IV. CONCLUSION

For the reasons stated, the court concludes Bosch GmbH has consented to this court's

exercising personal jurisdiction over it to adjudicate the claims Nucap pleads against it in the

FAC.  Bosch GmbH's motion to dismiss for lack of personal jurisdiction (ECF No. 735) is

denied.  By its terms, the magistrate judge's partial stay of discovery lasts only until the court

rules on that motion.  (*See* Minute Entry, May 25, 2017, ECF No. 741.)  Now that the court has

ruled, Bosch GmbH's objection to the magistrate judge's order partially staying discovery (ECF

Nos. 750, 759) is overruled as moot.[5]

Date:   August 18, 2017                          _____/s/_____
                                                 Joan B. Gottschall
                                                 United States District Judge

---

[5] Mootness occurs "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."  *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (quoting *Knox v. SEIU, Local 1000*, 567 U.S. 298, 307 (2012)).  The stay has been lifted by its own terms, so deciding whether it should have been imposed would not change anything for the parties.  *See Memon v. W. Technical Coll.*, No. 14-cv-581-jdp, 2015 WL 2185574, at *3 (W.D. Wis. May 11, 2015) (denying motion to lift stay as moot because stay was lifted when court denied motion to dismiss in the same order); *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 05 C 6583, 2012 WL 5278555, at *2 (N.D. Ill. July 13, 2012) (denying motion to lift stay as moot because parties agreed to lift stay).  Perhaps anticipating an argument, Nucap asks, in its objections, this court to confirm Judge Kim's decision on the scope of discovery if the motion to dismiss for lack of personal jurisdiction is denied.  (ECF No. 759 at 15.)  Bosch GmbH did not timely object to Judge Kim's May 25, 2017, ruling, however, *see, e.g.*, *Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chi.*, 543 F. App'x 591, 594–95 (7th Cir. 2013) ("By not filing timely objections, litigants typically waive their right to challenge on appeal the issues decided in a magistrate judge's [decision]."), and Nucap sees nothing wrong with it.  As a result, the court sees no reason to opine on Judge Kim's May 25, 2017, ruling on the scope of allowable discovery.  Consistent with the lines of authority created by the referral, the court leaves to the magistrate judge the task of managing discovery.