UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NUCAP INDUSTRIES INC. and NUCAP US INC., | ) ) ) | No. 15 CV 2207 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| ROBERT BOSCH LLC, BOSCH BRAKE COMPONENTS LLC, and ROBERT BOSCH GMBH, | ) ) ) ) ) | August 23, 2017 |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Defendants Robert Bosch LLC and Bosch Brake Components LLC (together, "Bosch") seek an order directing Nucap Industries Inc. and Nucap US Inc. (together, "Nucap") to produce unredacted versions of documents designated as privileged regarding Nucap's subjective intent to be bound by certain agreements with Bosch. For the following reasons, the motion is granted in part and denied in part:

**Background**

On March 31, 2017, the court denied cross-motions for summary judgment finding that genuine issues of fact exist as to Nucap's subjective intent to be bound by Bosch's Purchase Order Terms and Conditions ("POTCs"). *Nucap Indus., Inc. v. Robert Bosch LLC*, No. 15 CV 2207, 2017 WL 1197104, at *1 (N.D. Ill. March 31, 2017) (Gottschall, J.). In so finding, the court determined that the United Nations Convention on Contracts for the International Sale of Goods ("CISG") governs the parties' dispute over what terms were incorporated into purchase orders. *Id.* (citing

United Nations Convention on Contracts for the International Sale of Goods, 1489 U.N.T.S. 3; 52 Fed. Reg. 6262 (March 2, 1987)). Under the CISG, the court may consider evidence of "the parties' negotiations and subsequent conduct to determine whether they mutually, as contrasted with the hopes of but one of the parties, intended to incorporate a term when the contract was formed." *See id.* at *14 (citing *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 253 (7th Cir. 2014)).

Bosch argues in its current motion that because Nucap contends it did not intend to be bound by the POTCs, Nucap "affirmatively has put its subjective intent" at issue, thereby waiving attorney-client privilege as to communications with in-house counsel "that would shed light" on Nucap's views about the POTCs. (R. 746, Defs.' Mot. to Compel at 2-3.) Bosch also argues that Nucap's communications with counsel regarding the POTCs are not privileged because they involve business issues rather than legal advice. (Id. at 5.) In response, Nucap contends that it has not waived its privilege because it has not asserted reliance on counsel or any privileged communication in connection with its understanding of the POTCs. (R. 769, Pls.' Resp. at 1.)

At the court's request, Nucap submitted a sampling of 25 documents listed in its privilege log for *in camera* review on July 21, 2017. A week later on July 28, 2017, Nucap provided the court and Bosch with a new set of documents with some redactions removed. Having reviewed the amended set of documents *in camera*, the court finds that some of the documents were properly redacted or withheld, but

2

many documents still include inappropriate redactions and must be produced in whole or in part because they deal primarily with non-legal business matters.

## Analysis

### A. Privilege Log

Before addressing the crux of Bosch's motion, the court notes that the privilege log included with Nucap's *in camera* submission describes nearly every one of the hundreds of documents listed therein using the same generic descriptor: "Communication reflecting legal advice regarding anticipated litigation with Bosch." Under Federal Rule of Civil Procedure 26(b)(5), a privilege log must describe a document specifically enough that a determination can be made as to whether it qualifies as privileged. *See Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 623 (7th Cir. 2010). In the course of the court's limited *in camera* review of Nucap's documents, this boilerplate characterization was at times inaccurate and generally unhelpful in guiding the court's review. *See RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D. Ill. June 4, 2013) (finding that privilege log's "vague and generic description" for hundreds of documents did not allow the court to assess claim of privilege). In addition to revising its document production in accordance with this decision, Nucap is ordered to revise its privilege log to meet the requirements of Rule 26(b)(5). The parties are admonished that to the extent the court is required to resolve additional discovery disputes relating to privilege, it will rely on the parties' privilege logs to determine whether privilege claims should be upheld.

**B.     Business Communications**

Although the parties' briefs focus primarily on at-issue privilege waiver, the court first addresses Bosch's argument that the withheld or redacted documents relate to business rather than legal issues, because there can be no waiver without privilege. The attorney-client privilege protects communications in pursuit of legal advice from an attorney made in confidence by the client. *United States v. Brown*, 478 F.2d 1038, 1040 (7th Cir. 1985). But confidential communications with a lawyer about business or other non-legal matters are not privileged. *See Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003). Although corporations often seek legal advice with respect to business decisions, the inclusion of counsel does not transform all business discussions into privileged attorney-client communications. *See RBS Citizens,* 291 F.R.D. at 217 (citing *Upjohn Co. v. United States*, 449 U.S. 383, 393 (1981)). "Where a document is prepared for simultaneous review by legal and non-legal personnel and legal and business advice is requested, it is not primarily legal in nature and is therefore not privileged." *Id.* (internal quotations and citations omitted).

The court recognizes that distinguishing between business and legal advice can be difficult, but it appears Nucap adopted an overly cautious view of what constitutes privileged information. *See Kleen Prods. LLC v. Int'l Paper*, No. 10 CV 5711, 2014 WL 6475558, at *1 (N.D. Ill. Nov. 12, 2014). For example, Nucap redacted portions of an email thread discussing contract terms in which general counsel, Jonathan Kielb, was copied. *See* Priv. Log No. 216. It appears Kielb was

4

included in the correspondence because the sender, Vince Butera, wanted his "input," along with the input of other non-attorney employees. However, copying an attorney does not make a communication privileged, and it is not apparent that the purpose of the email was to solicit legal advice as opposed to business advice. *See RBS Citizens*, 291 F.R.D. at 216. In fact, as Bosch points out in its motion, Butera himself later characterized his email as one involving "business issues" rather than legal issues. *See* Priv. Log No. 216.

Similarly, Nucap withheld email attachments that are not legal in nature and do not reflect legal advice. *See* Priv. Log Nos. 246, 247, 253. Attachments which are not themselves privileged do not become privileged merely by attaching them to a communication with an attorney. *See Sneider v. Kimberly-Clark Corp.*, 91 F.R.D. 1, 4 (N.D. Ill. 1980); *see also Muro v. Target Corp.*, No. 04 CV 6267, 2006 WL 3422181, at *5 (N.D. Ill. Nov. 28, 2006) (stating that attachments are judged separately from their primary documents and that to be withheld, each must individually meet the privilege standard). Even if the email itself is privileged, emails can be withheld independently of their attachments, and vice versa. *See RBS Citizens*, 291 F.R.D. at 221.

Finally, in several instances throughout the document sampling, Nucap redacted emails between non-attorneys in which the sender mentions that he plans to seek, or has sought, legal input. *See, e.g.,* Priv. Log Nos. 215, 255, 257. But the emails were not sent to attorneys and do not themselves reflect any legal advice. *See EEOC v. Commonwealth Edison*, 1987 WL 13595, at *3 (N.D. Ill. July 7, 1987)

("Defendant has provided no authority to support its argument that a statement by one person to another that the first person is going to seek legal advice on some subject makes a communication privileged."). Indeed, it appears Nucap recognized that these redactions were inappropriate because it removed some of them in its amended submissions, but still left other instances of those same redactions in place elsewhere in the document sampling.

The court acknowledges that preparing document productions in a case of this size sometimes results in inconsistencies in redactions, and the court is not inclined to micromanage discovery. The court further recognizes that Nucap is continuing to review and consider the privileged documents implicated by Bosch's motion and will supplement its production as needed. However, to provide specific guidance to Nucap in reviewing its privileged documents, the court makes the following rulings with respect to the documents Nucap submitted for *in camera* review (incorporating the replacement documents in Nucap's July 28, 2017 submission):

- **NUCAP-0205969**: Irrelevant. Although the redacted portions of this email do not appear to be privileged, they are not relevant and need not be produced.

- **NUCAP-0210794**: Privileged. The redacted portion of this email chain solicits legal advice.

- **Priv. Log No. 200**: Privileged. The redacted portions of this email chain solicit and/or reflect legal advice.

- **Priv. Log No. 204**: Partially privileged. Nucap withheld the entire email chain and its attachments, but the email sent by John Krmpotich on November 13, 2013, at 4:22 p.m. discusses business issues rather than legal advice. Nor do the withheld attachments appear to convey any legal advice.

6

And although an attorney, Morli Shemesh, is copied on that particular email in the chain, there is no indication that the email is a request for legal advice, and it does not appear that Shemesh responded. Accordingly, the November 13, 2013 email sent at 4:22 p.m. and its attachments must be produced. The remainder of the email chain is privileged because it solicits and/or reflects legal advice.

- **Priv. Log Nos. 209 & 210**: Privileged. The redacted portions of this email chain solicit and/or reflect legal advice.

- **Priv. Log No. 215**: Not privileged. There is no indication that the "Bob" referred to in the redacted portion of this email chain is an attorney, and two non-attorneys merely discussing an intent to seek legal advice does not make a communication privileged. *See Commonwealth Edison*, 1987 WL 13595, at *3.

- **Priv. Log No. 216**: Partially privileged. The first portion of the email Bill Murray sent on April 21, 2011, at 10:18 a.m. should remain redacted because it solicits legal advice. But the portion containing the email from Vince Butera on April 20, 2011, at 3:55 p.m. should not be redacted because it seeks business advice regarding the terms of a potential contract, not legal advice. *See Acosta v. Target Corp.*, 281 F.R.D. 314, 321 (N.D. Ill. March 9, 2012) ("[T]he privilege does not apply to an e-mail 'blast' to a group of employees that may include an attorney, but where no request for legal advice is made and the input from the attorney is business-related and not primarily legal in nature."). Furthermore, Butera himself characterized his email as one involving "business issues" rather than legal issues in a subsequent email on April 21, 2011, at 10:42 a.m.

- **Priv. Log Nos. 217-219**: Partially privileged. For the reasons just stated, the portion of the email chain containing Butera's April 20, 2011 email at 3:55 p.m. is not privileged and should not be redacted. The remainder of the redacted emails is privileged because they solicit and/or reflect legal advice.

- **Priv. Log No. 233 & 245**: Privileged. The redacted portions of this email chain solicit and/or reflect legal advice.

- **Priv. Log No. 246**: Partially privileged. Nucap withheld this entire email chain with attachments, but the email sent by Murray to Pouyan Ezzatian on April 11, 2012, at 4:17 p.m. does not implicate legal advice. Nor do the withheld attachments appear to convey any legal advice or comments. The remainder of the email chain, however, is privileged because it solicits legal advice.

7

- **Priv. Log No. 247**: Partially privileged. Nucap withheld this email chain and its attachments, but the attachments should be produced because they do not appear to reflect any legal advice or comments. The email itself, however, is privileged because it solicits legal advice.

- **Priv. Log No. 253**: Privileged. The redacted portions of this email chain and the withheld attachments appear to solicit and/or reflect legal advice.

- **Priv. Log No. 255**: Partially privileged. The email from Montu Kokhar sent on November 30, 2011, at 9:37 a.m. is not privileged because it only refers to the fact that legal advice has been sought. Nor is the email from Krmpotich on November 30, 2011, at 9:08 a.m. privileged because although it mentions seeking legal advice, the email does not actually reflect any legal advice and is not directed to any attorneys. Furthermore, both of these emails were left unredacted elsewhere in Nucap's revised July 28, 2017 submission, specifically in Privilege Log Nos. 262 and 263. With the exception of these two emails, the remainder of the redacted emails is privileged because they solicit and/or reflect legal advice.

- **Priv. Log No. 256**: Partially privileged. For the reasons just stated, the email from Kokhar sent on November 30, 2011, at 9:37 a.m. and the email from Krmpotich on November 30, 2011, at 9:08 a.m. are not privileged. The email from "FIXED-TERM Shelley Gloria (BMSN)" sent on November 17, 2011, at 8:29 a.m. is also not privileged and should not be redacted because it does not appear to implicate any legal advice. And again, Nucap left this email unredacted elsewhere in Privilege Log Nos. 255, 262, and 263. The remaining redacted email from Kielb sent on November 30, 2011, at 10:13 a.m. is privileged because it reflects legal advice.

- **Priv. Log No. 257**: Not privileged. For the reasons just stated, the redactions in this email chain are inappropriate.

- **Priv. Log No. 258**: Not privileged. For the reasons just stated, the redactions in this email chain are inappropriate.[1] The email attachment is also not privileged because it does not appear to include any legal advice.
- **Priv. Log No. 259**: Partially privileged. Nucap appropriately redacted a portion of this email chain because it solicits legal advice, but the email

---

[1] In this email chain, the email from Krmpotich on November 30, 2011, is time-stamped 9:07 a.m. instead of 9:08 a.m. However, the email appears to be identical to the email sent by Krmpotich on November 30, 2011, at 9:08 a.m. discussed *supra* in the court's analysis of Privilege Log No. 256. Accordingly, the court applies the same analysis to both emails.

8

attachments should be produced because they do not reflect any legal advice or comments.

- **Priv. Log No. 260**: Partially privileged. For the reasons just stated, the redacted portion of the email chain is privileged, but the email attachments should be produced.

- **Priv. Log No. 261**: Not privileged. The redacted email mentions seeking legal advice, but is between non-attorneys and does not reflect legal advice. Furthermore, Nucap left this email unredacted in Privilege Log No. 260.

- **Priv. Log No. 262**: Privileged. The redacted portion of this email solicits and/or reflects legal advice.

- **Priv. Log No. 263**: Nucap has already produced this document without redactions, so it is no longer at issue.

**C.   At-Issue Waiver**

Having determined that at least some of the documents were properly withheld or redacted on the basis of attorney-client privilege, the court turns next to the question of at-issue waiver. Bosch argues that Nucap must produce many of its privileged documents in unredacted form because Nucap has put its subjective intent "at issue" in this litigation, thereby waiving attorney-client privilege as to all documents that "relate to, suggest or reveal Nucap's true subjective intent" regarding Bosch's POTCs. (R. 746, Defs.' Mot. to Compel at 3.) At-issue waiver occurs when a party "affirmatively put[s] at issue the specific communication, document, or information to which the privilege attaches." *Dexia Credit Local v. Rogan*, 231 F.R.D. 268, 275 (N.D. Ill. 2004). Put another way, attorney-client privilege is generally waived when a client asserts claims or defenses that put his attorney's advice at issue in the litigation. *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1175 (7th Cir. 1995). Contrary to Bosch's contentions, Nucap has not waived

9

its privilege here. Bosch points to a May 17, 2011 email, cited by Nucap in its cross-motion for summary judgment, stating that Nucap would not "have any blind acceptance of Bosch standard terms and conditions." (R. 477-1, Ex. 45.) According to Bosch, Nucap's reliance on this email effects at-issue waiver and entitles Bosch to privileged documents that "relate directly to and/or were an important part" of May 2011 discussions regarding the POTCs. (R. 804, Defs.' Reply at 2-3.) Bosch essentially argues that because the documents it seeks are relevant to Nucap's subjective intent, Nucap must now produce them. (See id. at 2.) But Bosch overlooks the fact that the May 17, 2011 email—sent by a Nucap employee to a Bosch employee—does not implicate attorney-client communication at all. (See R. 477-1, Ex. 45.) This is not a situation where Nucap is wielding attorney-client privilege as both a sword and a shield, selectively waiving privilege to gain an advantage while concealing the rest. *See Beneficial Franchise Co. v. Bank One, N.A.*, 205 F.R.D. 212, 216 (N.D. Ill. 2001) (citations omitted). Nor is Nucap currently arguing that it relied on the advice of counsel in formulating its belief that it was not bound by the POTCs. Accordingly, the court finds no at-issue waiver here.

## Conclusion

For the foregoing reasons, Bosch's motion to compel is granted in part and denied in part. The motion is granted to the extent that Nucap is directed to conduct a supplemental privilege review and provide Bosch with a revised privilege log and document production consistent with this order.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**